Steven C. Holtzman (Bar No. 144177)
Beko Reblitz-Richardson (Bar No. 238027)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

*Attorneys for Texas Instruments Incorporated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re Ex Parte Application of<br>QUALCOMM INCORPORATED,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Texas Instruments Incorporated for Use in a Foreign Proceeding | Case No. 5:16-mc-80007 (PSG)<br><br>**TEXAS INSTRUMENTS INCORPORATED'S MEMORANDUM OF LAW IN OPPOSITION TO QUALCOMM'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................... 1

II. BACKGROUND ....................................................................................................................... 2

III. LEGAL STANDARD ................................................................................................................ 4

IV. ARGUMENT ............................................................................................................................. 5

    A. The KFTC Already Requested And Received Relevant Materials, Which Qualcomm Can Seek To Obtain Through The KFTC Proceedings ................................................................................................................. 5

    B. The KFTC Has Submitted An Amicus Brief Unequivocally Stating That It Is Unreceptive To Qualcomm's § 1782 Discovery Request ....................... 6

    C. Qualcomm's Application Improperly Seeks To Circumvent The KFTC's Proof-Gathering Restrictions ................................................................. 9

    D. Qualcomm's Requests Are Unduly Intrusive and Burdensome ........................... 10

V. CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*Advanced Micro Devices v. Intel Corp.*,
  No. C 01-7033, 2004 WL 2282320 (N.D. Cal. Oct. 4, 2004) ......................................... passim

*Four Pillars Enters Co., Ltd. v. Avery Dennison Corp.*,
  308 F.3d 1075 (9th Cir. 2002) ...................................................................................... 12

*In re Application of Okean B.V. & Logistic Solution Int'l*,
  60 F. Supp. 3d 419 (S.D.N.Y. 2014) ............................................................................. 10

*In re Application of PQ Corp. for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings*,
  No. 6:16-MC-9-ORL-36KRS, 2013 WL 3270407 (M.D. Fla. June 26, 2013) ...................... 10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 07-5944 SC, 2012 WL 6878989 (N.D. Cal. Oct. 22, 2012) ........................................... 12

*In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.,* 2:14-CV-00797-GMN, 2015 WL 3439103 (D. Nev. May 28, 2015) ............................................. 6

*In re Microsoft*
  428 F. Supp. 2d 188 (S.D.N.Y. 2006) ...................................................................... passim

*In re Microsoft Corp.*,
  No. C 06-80038 JF (PVT), 2006 WL 825250 (N.D. Cal. Mar. 29, 2006) .......................... 6, 8

*In re Request for International Judicial Assistance from the National Court Administration of the Republic of Korea*,
  No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015) ...................... 7, 10

*In re Samsung Elecs. Co.*,
  No. 12-cv-80275 LHK (PSG), 2013 U.S. Dist. LEXIS 10518 (N.D. Cal. Jan. 23, 2013) ........................................................................................................................... 9

*Intel Corporation v. Advanced Micro Devices, Inc.*,
  541 U.S. 241 (2004) ................................................................................................ passim

*Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.,* No. 214CV00797GMNNJK, 2015 WL 7258483 (D. Nev. Nov. 17, 2015) ....................................................................................................................... 6

*Matter of Application of O2CNI Co., Ltd.*,
  No. C 13-80125 CRB (LB), 2013 WL 5826730 (N.D. Cal. Oct. 29, 2013) ..................... 5, 11

*Mujica v. AirScan Inc.*,
  771 F.3d 580 (9th Cir. 2014) .......................................................................................... 6

ii

Texas Instruments' Memo of Law In Opp to Qualcomm's § 1782 Application    Case No. 5:16-mc-80007 (PSG)

*Mujica v. Occidental Petroleum Corp.*,
   No. 14A1303, 2015 WL 5223764 (U.S. Dec. 14, 2015) .......................................................... 6

*Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*,
   384 F. Supp. 2d 45 (D.D.C. 2005) ...................................................................................... 12

*Thompson v. Doel*,
   No. 5:13-mc-80088-EJD (PSG) (N.D. Cal. May 21, 2013) ................................................. 10

**STATUTES**

1964 House and Senate Judiciary Committee Reports
   S. Rep. No. 88-1580 (1964), reprinted in 1964 U.S.C.C.A.N. 3782 ..................................... 11

Federal Rules of Procedure
   Rule 30(b)(6) ........................................................................................................................ 4

United States Code
   Title 15, Section 57b-2(b)(3)(C) ........................................................................................... 7
   Title 28, Section 1782 ................................................................................................... passim

Texas Instruments Incorporated ("TI") respectfully submits this memorandum of law in opposition to Qualcomm Inc.'s ("Qualcomm") Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings ("Appl.").

**I.     INTRODUCTION**

Qualcomm filed applications under 28 U.S.C. § 1782 seeking documents and testimony from TI and six other companies[1] for purported use in the Korea Fair Trade Commission's ("KFTC") investigation into Qualcomm's monopolization of the baseband modem chipset market. Qualcomm's request is an impermissible end-run around KFTC procedures, which expressly provide for access to materials relevant to the agency's investigation under specified terms and conditions. Qualcomm did not even bother to wait for these procedures to run their course before it filed its applications in this Court.

The KFTC has filed an amicus brief (ECF No. 14) urging the Court to deny Qualcomm's applications. As the KFTC explains, granting Qualcomm's applications would circumvent the established procedures under Korean law by which the KFTC investigates violations of competition law, including by gathering information from third parties. The KFTC warns that granting Qualcomm's request would mean that "[t]hird parties would be hesitant to provide information to the KFTC for fear that it would expose them to the burdens of responding to far-reaching U.S. discovery[.]" *Id*. at 2. Further, the KFTC has stated that it "has no need or use for the requested discovery." *Id.* at 3.

These facts alone warrant denial of Qualcomm's application. Granting Qualcomm's request would effectively deem the procedures of a foreign regulatory agency to be insufficient and, as the KFTC has noted, undermine the future effectiveness of those procedures and parties' willingness to cooperate with foreign investigations. Section 1782 is not a vehicle for pursuing discovery for use in foreign regulatory proceedings where the relevant regulator has expressly said the discovery should not be allowed.

---

[1] TI joins in the arguments of these companies in opposition to Qualcomm's applications, to the extent they apply.

The Supreme Court has directed that the following factors "bear consideration in ruling on a § 1782 request": (1) whether the target of the discovery sought is within the foreign tribunal's reach; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign tribunal to U.S. judicial assistance; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country"; and (4) whether the requests are "unduly intrusive or burdensome." *Intel Corporation v. Advanced Micro Devices, Inc.*, 541 U.S. 241, 264-65 (2004). The KFTC's opposition, and the facts surrounding Qualcomm's application, doom the application on the first three factors. The circumstances relating to TI's former involvement in the baseband modem chipset business doom it under the fourth factor.

TI discontinued manufacturing baseband modem chipsets years ago, and ultimately exited the mobile wireless business entirely. TI's exit from the mobile wireless market resulted in the elimination of about 1700 jobs. As a result, the vast majority of individuals who would be knowledgeable about or who would have been expected to potentially possess records relating to TI's baseband business are no longer with the company. Those who still remain would have been reassigned to other responsibilities. To identify and locate any such remaining individuals, and any documents they still possess relating to the mobile wireless business, would require significant effort. In short, compliance with Qualcomm's proposed requests would require TI to identify and dig through any remaining files of a shuttered business unit to locate documents that in turn would require review for privilege, third-party confidentiality, and relevance, largely without the assistance or guidance of anyone who was actually involved in the business activities at issue.

TI respectfully requests that Qualcomm's application be denied in its entirety.

## II.  BACKGROUND

TI is a global semiconductor design and manufacturing company headquartered in Dallas, Texas. Declaration of Richard Andrews ("Andrews Decl.") ¶ 2. TI previously competed with Qualcomm in the baseband modem chipset market, but TI began scaling down its baseband modem chipset division in 2008 and exited the business completely in 2013. *Id.*

¶ 4.  The KFTC is an administrative agency that investigates and enforces South Korea's antitrust laws.  KFTC Amicus Br. 1.  During KFTC investigations, an Examiner requests documents and takes statements from the target company, third parties, and outside experts.  KFTC Amicus Br. Ex. B.  If the Examiner determines that the target company has violated South Korean law, the Examiner issues an "Examiner's Report" to the target company and the KFTC.  *Id.*  The target company may respond to the Examiner's Report in writing and at a hearing.  *Id.*  If, after considering the target company's response, the KFTC concludes that a violation occurred, it issues a written decision setting forth the grounds for its conclusion and imposing a penalty.  *Id.*  The target company may then request a rehearing by the KFTC and may also appeal the decision to the Seoul High Court.  *Id.*

The KFTC is currently investigating Qualcomm's patent licensing practices.  KFTC Amicus Br. at 1.  On November 13, 2015, the KFTC issued an Examiner's Report, which alleges that Qualcomm's practices violate South Korea's antitrust laws.  Appl. at 3.  The Examiner's Report recommends monetary sanctions as well as an order requiring Qualcomm to modify certain business practices.  *Id.*  Under South Korean law, a target company such as Qualcomm is entitled to obtain the documents and data supporting the Examiner's Report from the KFTC.  KFTC Amicus Br. at 2.  Qualcomm has asked the KFTC for these documents, and the KFTC is currently processing Qualcomm's request.  *Id.*

In an effort to bypass the KFTC's procedures and exceed the discovery limitations imposed by the KFTC, Qualcomm has filed *ex parte* applications under § 1782 seeking broad discovery from seven multinational companies, including TI.  Appl. at 4.  Qualcomm's proposed subpoena to TI contains three document requests:

- Request for Production No. 1:  "All documents You have provided to the KFTC from January 1, 2011 to the present in connection with any investigation or proceeding, to the extent such documents concern Qualcomm, Mobile devices, Modem Chipsets, and/or Cellular IPR [intellectual property rights], and all documents quoted, cited or referenced therein."

- Request for Production No. 2:  "Documents received by You from January 1, 2005 to the present from a customer or potential customer of Modem Chipsets sufficient to show any concerns on the part of such customers or potential

1   customers regarding Your lack of an exhaustive license from Qualcomm to
2   Cellular IPR."

3   - Request for Production No. 3: "Documents from January 1, 2005 to the
    present sufficient to show any decision by You to limit Your sales or Your
4   development of Modem Chipsets or any component of a Modem Chipset due
    to Your lack of an exhaustive license from Qualcomm to Cellular IPR."
5

6   Appl. Ex. A. at 5. Qualcomm also proposes a subpoena compelling TI to present a Rule

7   30(b)(6) witness to testify on three topics matching the document requests. Appl. Ex. B. at 3.

8   The KFTC opposes Qualcomm's § 1782 application and has submitted an amicus brief

9   which states that granting any of Qualcomm's discovery requests would be contrary to South

10  Korea's antitrust enforcement scheme. KFTC Amicus Br. at 1. The KFTC notes that allowing

11  any of the discovery requested by Qualcomm would jeopardize South Korean competition law

12  enforcement because "[t]hird parties would be hesitant to provide information to the KFTC for

13  fear that it would expose them to the burdens of responding to far-reaching U.S. discovery,"

14  (*id.* at 2) and that the agency itself "has no need or use for the requested discovery." *Id.* at 3.

15  **III.   LEGAL STANDARD**

16  In evaluating an application for discovery under 28 U.S.C. § 1782(a), a district court

17  first considers whether it is authorized to grant the request, and second, whether it should

18  exercise its discretion to do so. *Intel*, 542 U.S. at 264. Even if the statute's threshold

19  requirements are satisfied, "a district court is not required to grant a § 1782(a) discovery

20  application simply because it has the authority to do so." *Id.* The Supreme Court has directed

21  that the following factors "bear consideration in ruling on a § 1782 request": (1) whether the

22  target of the discovery sought is within the foreign tribunal's reach; (2) the nature of the foreign

23  tribunal, the character of the proceedings, and the receptivity of the foreign tribunal to U.S.

24  judicial assistance; (3) whether the "request conceals an attempt to circumvent foreign proof-

25  gathering restrictions or policies of a foreign country"; and (4) whether the requests are "unduly

26  intrusive or burdensome." *Id.* at 264-65. Requests are unduly intrusive and burdensome where

27  they are not narrowly tailored, request confidential information, and appear to be a broad

28  "fishing expedition" for irrelevant information. *Advanced Micro Devices v. Intel Corp.*

4

(hereinafter "*A.M.D.*"), No. C 01-7033, 2004 WL 2282320, at *3 (N.D. Cal. Oct. 4, 2004); *Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), 2013 WL 5826730, at *15 (N.D. Cal. Oct. 29, 2013).

## IV. ARGUMENT

Each of the discretionary *Intel* factors weighs strongly against granting Qualcomm's application. First, the KFTC already obtained the materials deemed relevant to its investigation and now opposes Qualcomm's applications. Second, the KFTC has confirmed that the requested information will not aid its investigation and will instead undermine the KFTC's ability to pursue claims. Third, Qualcomm's application seeks to circumvent the KFTC's established procedures for accessing the evidentiary record in the investigation. Fourth, the subpoenas are overbroad and unduly burdensome, seeking a broad swath of confidential documents and testimony from a company that exited the business years ago. Under such circumstances, there is no basis to grant Qualcomm's application.

### A. The KFTC Already Requested And Received Relevant Materials, Which Qualcomm Can Seek To Obtain Through The KFTC Proceedings

The first *Intel* factor examines whether the foreign tribunal has access to the target's documents. *Intel*, 542 U.S. at 264 (when the target "is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) is not as apparent" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence"). Qualcomm contends that "KFTC investigators obtained documents and information from a variety of companies in the wireless communications industry, including TI." Appl. at 7. To the extent this is the case, this contention undermines Qualcomm's application at least as to any such documents. *In re Microsoft* (hereinafter "*S.D.N.Y. Microsoft*"), 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) ("While IBM and Cleary Gottlieb are not 'participants,' *per se*, in the underlying antitrust proceeding, all of the documents sought by Microsoft are within the Commission's reach . . . . That Microsoft must request the documents from the Commission, as opposed to requesting them directly from IBM and Cleary Gottlieb, is irrelevant. The relevant

inquiry is whether the evidence is available to the foreign tribunal. In this case, it is. Thus, § 1782 aid is both unnecessary and improper."); *see also In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2:14-CV-00797-GMN, 2015 WL 3439103, at \*6 (D. Nev. May 28, 2015), *reconsideration denied sub nom. Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 214CV00797GMNNJK, 2015 WL 7258483 (D. Nev. Nov. 17, 2015) ("Although the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceeding."). Thus, the first *Intel* factor weighs against granting Qualcomm's application at least with respect to Qualcomm's proposed Request No. 1.

### B. The KFTC Has Submitted An Amicus Brief Unequivocally Stating That It Is Unreceptive To Qualcomm's § 1782 Discovery Request

The second *Intel* factor — whereby courts should consider the "receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" — weighs particularly heavily against allowing *any* of the requested discovery, and in fact may be dispositive on its own.

A foreign tribunal's explicit opposition to a § 1782 request is "reason alone" to deny the application. *S.D.N.Y. Microsoft*, 428 F. Supp. 2d at 194. As a matter of comity, courts are "unwilling to order discovery when doing so will interfere with the [foreign tribunal's] orderly handling of its own enforcement proceedings." *In re Microsoft Corp.* (hereinafter "*N.D. Cal. Microsoft*"), No. C 06-80038 JF (PVT), 2006 WL 825250, at \*3 (N.D. Cal. Mar. 29, 2006); *accord Mujica v. AirScan Inc.*, 771 F.3d 580, 599 (9th Cir. 2014), *cert. denied sub nom. Mujica v. Occidental Petroleum Corp.*, No. 14A1303, 2015 WL 5223764 (U.S. Dec. 14, 2015) ("[D]eference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and . . . do not contravene the laws or public policy of the United States.").

Qualcomm's claim that "the KFTC . . . will be receptive to evidence obtained under § 1782," (Appl. at 8) is contradicted by the unambiguous statement of the KFTC itself, which

1  has submitted an amicus brief unequivocally asking the Court "to deny Qualcomm's
2  applications in their entirety as a matter of comity." KFTC Amicus Br. at 1.[2] Granting
3  Qualcomm's request "would contravene the purpose of § 1782 by pitting this Court against the
4  [KFTC], rather than fostering cooperation between them." *S.D.N.Y. Microsoft*, 428 F. Supp. 2d
5  at 194-96 (finding second *Intel* factor "cuts sharply against" a request where "the [European]
6  Commission has explicitly stated that it opposes the discovery sought by Microsoft and is not
7  receptive to U.S. judicial assistance"); *A.M.D.*, 2004 WL 2282320, at *2 ("[T]he EC is not
8  receptive to judicial assistance in this case.").[3]

9      In its amicus brief, the KFTC explains that it opposes Qualcomm's request because it
10 has "no need or use for the requested discovery" and "already possesses the information
11 provided by the Companies as part of the Qualcomm investigation." KFTC Amicus Br. at 3.
12 Even more importantly, the KFTC notes that it "relies heavily" on both the compliance of third
13 parties with its informational requests and the voluntary reporting of potential violations and
14 subsequent cooperation of third parties. The KFTC further notes that granting Qualcomm's
15 applications in this case could have a chilling effect on third party compliance, reporting, and
16 cooperation in the future. *Id.* at 2-3. These considerations manifestly explain why permitting
17 any of Qualcomm's proposed requests — whether for material submitted to the KFTC or for

---

[2] Qualcomm contends that "prior cases have recognized the receptiveness of South Korean courts to the use of discovery obtained through § 1782" (Appl. at 8), but even if this contention were entitled to any weight (which it is not in light of the KFTC's express opposition), the only case Qualcomm cites for this claim is clearly distinguishable from Qualcomm's application. *In re Request for International Judicial Assistance from the National Court Administration of the Republic of Korea* (hereinafter *Request from National Court Administration*) did not involve the KFTC, and the § 1782 discovery was "*sought by the Korean court*" rather than opposed by it. No. C15-80069 MISC LB, 2015 WL 1064790, at *1 (N.D. Cal. Mar. 11, 2015) (emphasis added). That decision provides no support for Qualcomm's application.

[3] The U.S. Federal Trade Commission has an interest, for example, in foreign courts similarly respecting confidentiality provisions that govern its use of information gathered from third parties during an investigation. *E.g.*, 15 U.S.C. § 57b-2(b)(3)(C) ("no documentary material, tangible things, reports or answers to questions, and transcripts of oral testimony shall be available for examination by any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material").

1  other internal business information going back as much as eleven years — is improper under

2  § 1782. As the KFTC makes clear:

> Exposing the Companies and other third parties to discovery under U.S. law would destroy that expectation [that the KFTC will protect any confidential materials from disclosure to Qualcomm] and discourage them from cooperating with the KFTC in future investigation and from reporting anticompetitive conduct to the KFTC. Third parties would be hesitant to provide information to the KFTC for fear that it would expose them to the burdens of responding to far-reaching U.S. discovery, and they would be particularly concerned about providing the KFTC with competitively sensitive information, for fear that such information could end up in the hands of a competitor under U.S. discovery rules. Those outcomes would threaten the voluntary cooperation on which the Korean antitrust enforcement scheme relies to investigate potential violations of Korean law.

KFTC Amicus Br. at 2-3.

Qualcomm urges this Court to nonetheless override the express policy preference of the KFTC, claiming that § 1782 discovery "will be essential to Qualcomm's defense." Appl. at 7-8. In doing so, Qualcomm ignores the express language of *Intel*. The second *Intel* factor concerns the *KFTC*'s receptivity to U.S. discovery, not Qualcomm's. If Qualcomm means to suggest the KFTC's proceedings are procedurally unfair, this argument is unpersuasive. South Korean law entitles Qualcomm to obtain copies of the evidence supporting the Examiner's Report unless producing the evidence would disclose confidential information such as trade secrets. KFTC Amicus Br. Ex. 2 at 43-44. Qualcomm does not claim that it needs access to any redacted trade secrets for its defense, and there is no basis to conclude that the proceedings are in any way unfair. Courts in this district have previously been unwilling to undermine the European Commission's similar procedures. *See N.D. Cal. Microsoft*, 2006 WL 825250, at *2-3 (describing the European Commission's "inquisitional" process which, like the KFTC's, "expressly provides that 'Confidential Information' obtained by the Trustee in the course of his duties may not be disclosed to anyone other than the Commission"); *accord A.M.D.*, 2004 WL 2282320, at *2-3 (denying § 1782 application where European Commission indicated that it did "'not need or want' this Court's assistance in obtaining the documents AMD seeks.").

Because the KFTC opposes Qualcomm's application in its entirety, the second *Intel*

factor weighs heavily against granting Qualcomm's application.

### C. Qualcomm's Application Improperly Seeks To Circumvent The KFTC's Proof-Gathering Restrictions

For similar reasons, the third *Intel* factor also weighs heavily against Qualcomm's application. The third factor cautions courts to be wary of § 1782 requests that "attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country" (*Intel*, 542 U.S. at 264), which is precisely what Qualcomm is attempting to do with this application.

As detailed by the KFTC, Qualcomm has the right to request permission from the KFTC to read or copy materials obtained from third parties. KFTC Amicus Br. at 2. Qualcomm has already asked the KFTC for such materials, and the KFTC is processing that request. *Id.* As the KFTC explains, "permitting Qualcomm to sidestep Korean legal procedures" that apply to such requests "would subvert the KFTC's power to control when and how confidential investigatory materials are released." *Id.* This is precisely what the third *Intel* seeks to prevent.

Similarly, to the extent Qualcomm seeks documents that have not been provided to the KFTC, the KFTC explains how allowing such discovery would circumvent Korean policies by threatening to disrupt South Korea's antitrust regime by providing Qualcomm and other target companies with greater access to information than the KFTC possesses. *Id.* at 3. As discussed above, granting Qualcomm's application would "discourage third parties from cooperating with the KFTC in its efforts to investigate potential violations of Korean antitrust laws for fear of inviting burdensome foreign discovery." *Id.* at 1. This would "make it more difficult for the KFTC to enforce Korean antitrust laws" (*id.* at 3) and would put this Court in the "awkward position of potentially undermining the [KFTC's] management of its case" and jeopardizing its ability to receive information about and pursue future cases. *In re Samsung Elecs. Co.*, No. 12-cv-80275 LHK (PSG), 2013 U.S. Dist. LEXIS 10518, *10 (N.D. Cal. Jan. 23, 2013).[4]

---

[4] Qualcomm's citations to two cases granting § 1782 discovery for use in South Korean *judicial* proceedings (Appl. at 8) are irrelevant to the present application. Neither case involved § 1782 discovery for use in an *administrative* proceeding, let alone one before the KFTC. *See Request*

Because Qualcomm's § 1782 request to this court is an attempt to evade the KFTC's existing document disclosure process and circumvent the KFTC's proof-gathering restrictions, the third *Intel* factor weighs heavily against granting Qualcomm's application.

### D. Qualcomm's Requests Are Unduly Intrusive and Burdensome

Although the Court need not even address the fourth *Intel* factor — whether the requests are unduly intrusive or burdensome — because the first three factors weigh sharply against granting Qualcomm's request (*see A.M.D.*, 2004 WL 2282320, at *3), that factor also weighs heavily against granting Qualcomm's application. Indeed, burden alone may be sufficient to reject a § 1782 application. *See In re Application of Okean B.V. & Logistic Solution Int'l*, 60 F. Supp. 3d 419, 422 (S.D.N.Y. 2014).

Qualcomm's claim that the requested documents could be "easily gathered" (Appl. at 9) is incorrect. The broad scope of Qualcomm's proposed subpoena makes compliance with these requests unduly burdensome, particularly with respect to TI. Given TI's departure from the baseband modem chipset business starting in 2008 (Andrews Decl. ¶ 4), it would be extremely onerous for TI to identify and produce documents responsive to Qualcomm's subpoena.

In particular, Qualcomm's proposed Requests Nos. 2 and 3 seek documents dating from January 1, 2005 to present, a period of over eleven years. *Thompson v. Doel*, No. 5:13-mc-80088-EJD (PSG) (N.D. Cal. May 21, 2013), ECF No. 2 (Order Denying Without Prejudice *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 at 3-4) (denying application for "extraordinary" overbreadth where applicant sought "over five years of activity from the [email] account at issue without explaining at all why such a wide swath is necessary").

These requests contain no references to Korea or the KFTC and therefore have not been

---

*from Nat'l Court Admin.*, 2015 WL 1064790, at *1 (granting application for U.S. discovery for use in "Korean lawsuit"); *In re Application of PQ Corp. for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings*, No. 6:16-MC-9-ORL-36KRS, 2013 WL 3270407, at *5 (M.D. Fla. June 26, 2013) (same). And in neither case did the Korean court object to the discovery. *See generally Request from Nat'l Court Admin.*, 2015 WL 1064790; *Application of PQ Corp.*, 2013 WL 3270407. In *Request from National Court Administration*, the U.S. discovery request was initiated by the *Korean court*. 2015 WL 1064790, at *1.

tailored to the subject matter of the foreign tribunal's complaint. On remand in *Intel*, the district court found that the discovery requests were "unduly intrusive and burdensome" because, despite the fact that Advanced Micro Devices requested documents for use before the European Commission, its requests "[did] not contain the words 'Europe' or 'European,' the name of any European country, or the name or description of any European OEM or retailer." *A.M.D.*, 2004 WL 2282320, at *3. The court concluded that this overbreadth, combined with the European Commission's determination that 'the requested documents are unwanted and unlikely to be reviewed," weighed against granting Advanced Micro Device's application. *Id.* Qualcomm's Request Nos. 2 and 3 suffer from the same flaw: nothing in them ties or limits them to Korea or the KFTC investigation. To the contrary, they would require TI to search its files for documents relating to customers and business decisions on a worldwide scale.

Qualcomm contends that these documents are necessary because Qualcomm "disputes" certain "characterizations about licensing negotiations between Qualcomm and TI" (Appl. at 7), but Qualcomm participated in and by definition *already has* documents and information concerning those negotiations, to which it was a party. There is no basis to force TI to incur costs searching for any additional documents. *See O2CNI*, 2013 WL 5826730, at *15 (suggesting that the requesting party has an obligation to conduct its own review before it may request information of others).

The subpoenas are particularly burdensome because TI exited the baseband modem chipset business years ago, eliminating about 1700 jobs. Andrews Decl. ¶ 5. As a result, the vast majority of individuals who would be knowledgeable about or who would have potentially possessed records relating to TI's baseband business are no longer with the company. *Id.*

To the extent any responsive documents exist in the United States,[5] they are not

---

[5] Personnel who worked for or in connection with TI's mobile wireless business were located in a number of different countries. Any documents located outside the United States are not subject to discovery under Section 1782. S. Rep. No. 88–1580 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3788 (statute's purpose is "obtaining oral and documentary evidence *in the United States*" (emphasis added)); *Intel*, 542 U.S. at 262, 264; *S.D.N.Y Microsoft*, 482 F. Supp. 2d at 194 n.5; *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 52-55

1  centrally maintained in readily-searchable locations or on readily-searchable media. Andrews
2  Decl. ¶ 6. TI shut down the relevant business unit, and it would be extremely burdensome to
3  try to comb through current or former personnel's individual files or TI archives to see if any
4  documents remain. *Id.*

5  Qualcomm's requests are also intrusive and burdensome because they seek highly
6  confidential and sensitive information, including information received from customers that may
7  be protected by third-party nondisclosure agreements. *Id.* This is true even though TI has
8  exited the business. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, 2012 WL
9  6878989, at *4 (N.D. Cal. Oct. 22, 2012) ("[T]here is no way to anticipate all of the ways in
10 which their confidential documents . . . could become exposed and not protected in Korea, and
11 might become available for public use in business matters."); *S.D.N.Y. Microsoft*, 428 F. Supp.
12 2d at 196; *see also* Samsung Opp. at 18-19.

13 Both alone and in combination with the other *Intel* factors, the undue burden imposed
14 by these requests weighs heavily against granting Qualcomm's application.

## V.   CONCLUSION

For the foregoing reasons, TI respectfully requests that the Court deny Qualcomm's application.

Dated: February 1, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Steven C. Holtzman
      Steven C. Holtzman

Steven C. Holtzman (Bar No. 144177)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com

*Attorneys for Texas Instruments Incorporated*

---

(D.D.C. 2005); *see also Four Pillars Enters Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1089-80 (9th Cir. 2002).

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2016, a true and correct copy of the **TEXAS INSTRUMENTS INCORPORATED'S MEMORANDUM OF LAW IN OPPOSITION TO QUALCOMM'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ *Steven C. Holtzman*
BOIES, SCHILLER & FLEXNER LLP